Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Pablo Ocegueda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| Pablo Ocegueda<br><br>Plaintiff,<br><br>v.<br><br>Morgan Jewelers of Salt Lake City, Inc.<br><br>Defendant. | CASE NO. 3:21-cv-06585<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Pablo Ocegueda, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant Morgan Jewelers of Salt Lake City, Inc.'s violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Morgan Jewelers of Salt Lake City, Inc. (hereinafter "Defendant" or "Morgan Jewelers") for its abusive and outrageous conduct in

connection with debt collection activity, as Defendant contacted Plaintiff over 15 times after receiving a notice of attorney representation, all sent through certified mail.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

6. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

7. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

8. The venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## GENERAL ALLEGATIONS

9. Plaintiff Pablo Ocegueda (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

10. At all relevant times herein, Morgan Jewelers Credit Union was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

11. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

12. Plaintiff opened an account with Morgan Jewelers sometime in early 2018.

13. The account extended to Plaintiff was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

14. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

15. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

16. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

17. Plaintiff's account was an credit account and Plaintiff began making payments on the account soon after opening the account and making purchases/charges.

18. Plaintiff eventually became financially unable to continue making payments on his account.

19. Defendant began contacting Plaintiff to inquire about the status of the account and to collect payment.

20. Plaintiff subsequently retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

21. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

22. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

23. Plaintiff's notice was sent to Defendant on October 21, 2020 via certified mail. Defendant received the certified notice on October 26, 2020.

24. Defendant continued to call Plaintiff after the October 21, 2020 certified notice of representation and revocation of consent was sent.

25. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

26. Through the end of 2020 Defendant continued to call Plaintiff daily.

27. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

28. Defendant would use a pre-recorded voice when calling Defendant.

29. Defendant would leave pre-recorded messages for Plaintiff.

30. Defendant's autodialing machine contains the capacity to randomly dial numbers.

31. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

32. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

33. Plaintiff received over 15 pre-recorded calls after the October 21, 2020 certified letter was received by Defendant.

## FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

34. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

35. Plaintiff provided written notice that he was represented by an attorney by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

36. The contact information of Plaintiff's counsel was provided in the notices that were sent to Defendant.

37. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

38. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

39. Plaintiff received at least fifteen calls from Defendant after he informed Defendant that he retained an attorney.

40. The notice that Plaintiff sent to Defendant included the name of Plaintiff's attorney, the address of Plaintiff's attorney, and the phone number of Plaintiff's attorney.

41. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant)

42. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

43. Defendant placed over 15 calls to Plaintiff.

44. Plaintiff was contacted multiple times per day by Defendant

45. Defendant violated Cal. Civ. Code §1788.11 by calling Plaintiff over 15 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**THIRD CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant)

46. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

47. Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in October of 2020.

48. Defendant called Plaintiff repeatedly since Plaintiff withdrew her consent to be contacted by an automatic dialing machine on his cellular telephone.

49. Defendant ignored the notice, sent through certified mail, and continued to contact Plaintiff on his cellular telephone.

50. The certified notice was unequivocal in its language regarding attorney representation and revocation of consent.

51. Consequently, Defendant had "actual" knowledge of its violation of the TCPA.

52. Alternatively, Defendant should have known its conduct violated the TCPA.

53. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

54. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

55. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

56. Defendant contacted Plaintiff at least 15 (fifteen) times after he revoked his consent to be contacted on his cellular telephone and informed Defendant he was represented by counsel.

57. Defendant Plaintiff was still contacted multiple times each day on his cellular telephone despite receiving notice of Plaintiff's revocation of consent.

58. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

59. The calls Plaintiff received were pre-recorded or used an artificial voice.

60. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in October of 2020.

61. The calls placed by Defendant were willful and made despite having knowledge that Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone.

62. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at hearing, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

b. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

c. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

d. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

e. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Dated: August 25, 2021

Gale, Angelo, Johnson, & Pruett, P.C.
By:   /s/ Joe Angelo
        Joe Angelo

Elliot Gale
Attorneys for Plaintiff